UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHEILA GARCIA,

              Plaintiff,

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[1]

              Defendant.

CASE NO. 3:16-CV-05763-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff Sheila Garcia filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") failed to provide specific, clear, and convincing reasons for finding Plaintiff's subjective symptom testimony was not fully supported. Had the ALJ properly considered Plaintiff's

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is substituted as Defendant for former Acting Commissioner Carolyn W. Colvin. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

1    testimony, the residual functional capacity ("RFC") may have included additional limitations.

2    Therefore, the ALJ's error is harmful and this matter is reversed and remanded pursuant to

3    sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings consistent with

4    this Order.

5                                 FACTUAL AND PROCEDURAL HISTORY

6            On August 22, 2011, Plaintiff filed an application for DIB, alleging disability as of

7    August 5, 2011. *See* Dkt. 7, Administrative Record ("AR") 485. The application was denied

8    upon initial administrative review and on reconsideration. *See* AR 485. On February 8, 2013,

9    ALJ Glenn Meyers found Plaintiff not disabled. *See* AR 10-19. The Appeals Council denied

10   Plaintiff's administrative appeal, making the ALJ's decision the final decision of the

11   Commissioner. *See* AR 1-5, 20 C.F.R. § 404.981, § 416.1481. Plaintiff appealed to the United

12   States District Court for the Western District of Washington ("District Court"), which remanded

13   the case for further proceedings. *See* AR 612-27; *Mahoney-Garcia v. Colvin*, 3:14-CV-5599-

14   RBL-KLS (W.D. Wash. May 1, 2015).

15           On remand, Plaintiff received a second hearing before ALJ Meyers. AR 535-81. The ALJ

16   found Plaintiff disabled as of January 5, 2016, but found Plaintiff not disabled prior to this date.

17   *See* AR 485-98. Plaintiff did not file written exceptions to the ALJ's decision, making the June

18   2016 decision the final decision of the Commissioner. *See* AR 482. Plaintiff now appeals the

19   ALJ's June 2016 decision.[2]

20           Plaintiff maintains the ALJ erred by failing to: (1) provide specific, clear, and convincing

21   reasons for finding Plaintiff not fully credible; and (2) properly support the RFC assessment with

22   substantial evidence. Dkt. 13, p. 1.

23   ───────────────────────────────

24           [2] When stating "the ALJ's decision" throughout this Order, the Court is referring to the June 2016 decision.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.      Whether the ALJ provided specific, clear, and convincing reasons for finding Plaintiff's subjective symptom testimony not fully supported.**

Plaintiff first contends the ALJ erred by failing to provide specific, clear, and convincing reasons for finding Plaintiff's subjective symptom testimony not fully supported. Dkt. 13, pp. 3-8. To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *Id.* at 579.

Plaintiff testified she cannot work because of her pain, fatigue, and "brain fog." AR 568. She can sit for 10 to 20 minutes without her pain increasing and she can stand for about 15 minutes before needing to sit. AR 565, 567. Plaintiff testified can lift about 5 pounds, but cannot do so repetitively. AR 567. In a Function Report –Adult, Plaintiff stated she has difficulty

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

learning new tasks and has limited concentration due to "brain fog." AR 169. When she was working she had to take three to four naps per day, now she takes only one. AR 169, 563-65. Plaintiff states her impairments affect her ability to lift, squat, bend, stand, reach, walk, sit, kneel, stair climb, talk, hear, see, complete tasks, concentrate, understand, follow instructions, and remember. AR 173.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not fully supported[.]" AR 494. He determined Plaintiff's complaints were not fully supported because (1) Plaintiff's "reports of symptoms to providers were inconsistent at times," AR 492; (2) Plaintiff's daily activities are inconsistent with her allegations of debilitating fatigue, cognitive deficits, and muscle pain, AR 494; and (3) the objective medical evidence did not reflect the level of impairment alleged by Plaintiff. AR 491.

First, the ALJ concluded Plaintiff's "reports of symptoms to providers were inconsistent at times." AR 494.  An ALJ may consider prior inconsistent statements concerning symptoms and "other testimony by [plaintiff] that appears less than candid in weighing plaintiff's credibility." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Here, the ALJ noted Plaintiff was treated by Dr. Adam Pourcho on two occasions and on each occasion gave significantly different pain levels. AR 494. On November 5, 2015, Plaintiff rated her pain at 8-10/10. AR 799. Six weeks later, Plaintiff rated her pain at 4-8/10. AR 816. Plaintiff endorsed pain at level 8 on both occasions; thus, the reported pain levels do not show Plaintiff provided inconsistent statements to medical providers. Further, Social Security Administration rulings recognize "the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad

days and good days.'" SSR 12-2p, 2012 WL 3104869, at *6; *see also Brosnahan v. Barnhart*, 336 F.3d 671, 672 n. 1 (8th Cir. 2003) (fibromyalgia causes "long-term but variable levels of muscle and joint paint, stiffness, and fatigue"). The ALJ failed to explain why the two reports of pain levels were a true discrepancy and not simply the ebb and flow of Plaintiff's fibromyalgia.

For the above reasons, the Court finds this is not a clear and convincing reasons supported by substantial evidence for finding Plaintiff's subjective testimony is not fully supported. *See Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014) ("While ALJs obviously must rely on examples to show why they do not believe that a claimant is credible, the data points they choose must *in fact* constitute examples of a broader development to satisfy the applicable "clear and convincing" standard.")

Second, the ALJ found Plaintiff's activities of daily living suggest her impairments are not as debilitating as alleged. AR 494. Plaintiff asserts the ALJ violated the law of the case when he discounted Plaintiff's credibility because of her activities of daily living. Dkt. 13, 15. The law of the case doctrine applies in the Social Security context. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). Under the law of the case doctrine, a court is precluded from revisiting issues which have been decided—either explicitly or implicitly—in a previous decision of the same court or a higher court. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). The doctrine of the law of the case "is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust."

Plaintiff's disability application was denied by the ALJ on February 8, 2013. AR 10-19. In the 2013 decision, the ALJ found Plaintiff's

daily activities also show less than disabling restrictions. In contrast to her allegations of debilitating fatigue and muscle pain, the claimant can drive, perform most household chores, prepare food, use a computer, and manage her finances. During the period at issue, she was able to walk two miles [a] day; attend a Christmas party with co-workers; and travel to Hawaii. She also attended at least one, multi-day class in the Feldenkrais physical therapy method, and apparently planned to pursue work in the field.

AR 16 (internal citations omitted). The Appeals Council declined review and the case was appealed to the District Court. AR 1-5, 605-30. The District Court found the ALJ improperly concluded Plaintiff was not disabled and remanded the case to the Commissioner for further administrative proceedings. AR 612-26.

The District Court found, in relevant part, the ALJ erred when he discounted Plaintiff's subjective complaints due to her activities of daily living. AR 622-23. The District Court determined the record fails to demonstrate Plaintiff "performed household chores or engaged in other daily activities at a frequency or to an extent that necessarily show they are transferrable to a work setting or that necessarily contradicts her other testimony." AR 623. Additionally, the District Court noted the evidence was not clear regarding the amount of time it takes Plaintiff to walk a couple of miles or what activity level she engaged in during the multi-day physical therapy class. AR 623. The District Court further found Plaintiff's isolated activities, such as traveling to Hawaii and attending one Christmas party with co-workers, did not "clearly evince an ability to engage in full-time work activities." AR 623.

On remand, Plaintiff testified her daily activities include loading and unloading the dishwasher, getting dressed, reading a magazine, and working on hand-stitching. AR 541. Plaintiff is only able to hand-stitch for about 20 minutes, and she is unable to hand-stitch every day due to neck pain. AR 541. Plaintiff sometimes sweeps the kitchen floor and does a load of laundry, but her day is spent managing her pain. AR 541. Plaintiff takes one to two naps a day.

1  AR 547. She also walks twice a week for an hour with her friends. AR 552.  When she walks,

2  she will walk for 15 minutes and then take a 5 minute break. AR 553. Plaintiff is able to steam

3  vegetables and she spends about 10 minutes per day on the computer. AR 558.

4        The ALJ again discounted Plaintiff's subjective symptom testimony because Plaintiff's

5  daily activities were inconsistent with her complaints of disabling impairments. AR 494. The

6  ALJ stated Plaintiff's

7        daily activities also suggest that she could have done work activities that were
        less strenuous than her past work. In contrast to her allegations of debilitating
8        fatigue, cognitive deficits, and muscle pain, the claimant has reported the ability
        to handle personal care, drive, perform household chores, prepare meals, do
9        light laundry, grocery shop, use a computer, manage her finances, and
        occasionally do hand stitching that likely requires fingering and feeling. During
10       the period at issue, she was able to walk two miles; attend a Christmas party
        with coworkers; and travel to Hawaii. She also attended at least one, multi-
11       day class in the Feldenkrais physical therapy method.

12  AR 494 (internal citations omitted).

13       Plaintiff's testimony on remand was not substantially different from the evidence

14  considered in the first ALJ decision and reviewed by the District Court. *See* AR 15, 36-43, 169-

15  75. In fact, Plaintiff provided clarification regarding ambiguities noted by the District Court. For

16  example, Plaintiff testified she is only able to walk 15 minutes and then must take a 5 minute

17  break when she walks with friends. AR 552-53. She only walks twice a week. AR 552-53. Also,

18  she is able to do hand-stitching for only 20 minutes, and is unable to hand-stitch everyday due to

19  pain. AR 541. As the District Court has previously decided this issue and as the evidence on

20  remand was not substantially different, the law of the case doctrine precludes this Court from

21  revisiting the District Court's prior ruling that the ALJ erred by discounting Plaintiff's credibility

22  because of her activities of daily living. *See Stacy*, 825 F.3d at 567 (Unless "the evidence on

23  remand is substantially different," the law of the case doctrine precludes revisiting prior rulings.).

24

1    The Court also notes the ALJ failed to explain how Plaintiff's daily activities were

2    inconsistent with her subjective testimony, nor did he assert Plaintiff's activities met the threshold

3    for transferable work skills. *See* AR 494.[3] As the ALJ did not explain "*which* daily activities

4    conflicted with *which* part of [Plaintiff's] testimony," the ALJ erred in rejecting Plaintiff's

5    subjective symptom testimony because of her daily activities. *See Burrell v. Colvin*, 775 F.3d

6    1133, 1138 (9th Cir. 2014). Accordingly, inconsistencies between Plaintiff's daily activities and

7    her subjective symptom testimony is not a clear and convincing reason supported by substantial

8    evidence to discount the testimony.

9    Third, the ALJ found Plaintiff's testimony not fully supported because of inconsistencies

10   between her subjective testimony and the objective findings. *See* AR 491-93. Determining a

11   claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and

12   convincing requirement. *Regennitter*, 166 F.3d at 1297; *see also Fisher v. Astrue*, 429 F. App'x

13   649, 651 (9th Cir. 2011). However, a claimant's pain testimony may not be rejected "*solely*

14   because the degree of pain alleged is not supported by objective medical evidence." *Orteza v.*

15   *Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (*quoting Bunnell v. Sullivan*, 947 F.2d 341, 346-47

16   (9th Cir.1991) (en banc)); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.2001); *Fair*

17   *v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The same is true with respect to a claimant's other

18   subjective complaints. *See Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995).

19   The ALJ provided three reasons for discounting Plaintiff's statements. AR 491-94. The

20   Court has determined the ALJ's the first two reasons for discounting Plaintiff's subjective

21   symptom testimony are improper. The only remaining reason for discounting Plaintiff's

22   _____

23   [3] The Ninth Circuit has recognized two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether the activities contradict the claimant's other testimony and (2) whether the activities of daily living meet "the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

complaints is because the complaints are inconsistent with the objective evidence. As this is the sole remaining reason and since a claimant's pain testimony may not be rejected solely on basis of inconsistency with the objective evidence, the Court need not determine if the reason is proper and finds the ALJ has not provided legally sufficient reasons for discounting Plaintiff's subjective symptom testimony. Accordingly, the ALJ erred.[4]

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Plaintiff testified to greater limitations than the limitations included in the RFC determination. For example, Plaintiff testified she can sit for 10 to 20 minutes, stand for about 15 minutes, and lift about 5 pounds. AR 565, 567. Plaintiff also stated she had to take three to four naps per day when she was working. AR 169, 563-65. In contrast, the RFC limited Plaintiff to

---

[4] Defendant asserts the ALJ also discounted Plaintiff's testimony because Plaintiff failed to follow treatment recommendations. Dkt. 15. The ALJ stated Plaintiff "endorsed in February 2015 that she managed her daily pain by limiting her activities. However, this is inconsistent with Dr. [Amrit] Sandhu's treatment recommendations and her appearance of being comfortable and well groomed at appointments in April and June 2015." AR 492 (internal citations omitted). The ALJ did not find Plaintiff failed to follow recommended treatment; rather, the ALJ found the objective medical evidence (Dr. Sandhu's "recommendations" and a doctor's observations) was inconsistent with Plaintiff's statement. Therefore, this is an example of an inconsistency between the objective medical evidence and Plaintiff's statements, not a separate and distinct reason for discounting Plaintiff's statements. Further, Plaintiff did not fail to follow Dr. Sandhu's treatment recommendations. Dr. Sandhu recommended Plaintiff continue with range of motion exercises to reach the goal of more mobility and functionality. AR 725, 728, 731. Plaintiff testified she walked twice a week and did daily stretches. AR 541, 552-53. The Court finds the evidence supports finding Plaintiff followed treatment recommendations. Therefore, even if this was a distinct reason for discounting Plaintiff's statements, it is not supported by substantial evidence.

1    sitting and standing/walking for six hours each out of an eight-hour day and lifting/carrying 20

2    pounds occasionally and 10 pounds frequently. AR 490. Had the ALJ properly considered

3    Plaintiff's subjective symptom testimony, he may have included additional limitations in the

4    RFC and in the hypothetical questions posed to the vocational expert, Thomas Polsin. As the

5    ultimate disability determination may have changed, the ALJ's error is not harmless and requires

6    reversal.

7          **II.     Whether the RFC was supported by substantial evidence.**

8          Plaintiff contends the ALJ erred by failing to properly consider the limitations caused by

9    her severe impairment of fibromyalgia. Dkt. 13, pp. 8-12. Specifically, Plaintiff states the ALJ

10   erred by failing to (1) include the functional limitations found in Plaintiff's subjective symptom

11   testimony in the RFC and (2) further develop the record. *Id.*

12         The Court concludes the ALJ committed harmful error when he failed to provide clear

13   and convincing reasons supported by substantial evidence for finding Plaintiff's subjective

14   symptom testimony was not fully supported. *See* Section I, *supra*. "Because the ALJ did not

15   provide clear and convincing reasons for excluding [Plaintiff's] pain and symptoms from" the

16   RFC assessment, substantial evidence does not support the RFC. *Lingenfelter v. Astrue*, 504 F.3d

17   1028, 1040 (9th Cir. 2007). Therefore, on remand, the ALJ is directed to reassess the RFC after

18   properly considering the record, including Plaintiff's subjective symptom testimony. *See* Social

19   Security Ruling 96-8p.

20         Plaintiff also alleges the ALJ failed to develop the record regarding the functional

21   limitations caused by her severe impairments of fibromyalgia and chronic fatigue syndrome. Dkt.

22   13, 15. "An ALJ's duty to develop the record further is triggered only when there is ambiguous

23   evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes*

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10

1  *v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001). Where the record, taken as a whole, is adequate

2  to evaluate a claimant's alleged impairment, the ALJ's duty to develop the record is not

3  implicated. *See Baghoomian v. Astrue*, 319 Fed.Appx. 563, 566 (9th Cir. 2009); *H'Oar v.*

4  *Barnhart*, 51 Fed.Appx. 731, 732 (9th Cir. 2002). Here, Plaintiff has not shown the record was

5  inadequate. *See* Dkt. 13, 15. However, in order to properly consider all limitations caused by

6  Plaintiff's fibromyalgia and chronic fatigue syndrome, the Court directs the Commissioner to

7  allow Plaintiff to submit additional evidence regarding her functional limitations on remand.

8  <u>CONCLUSION</u>

9  Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

10 Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

11 this matter is remanded for further administrative proceedings in accordance with the findings

12 contained herein.

13 Dated this 10th day of March, 2017.

14

15 _____

16 David W. Christel
United States Magistrate Judge

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 11